

**SIGNED this 22nd day of November, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Holly A. Zeman | 09-52559-C |
| *Debtor* | Chapter 13 |
| Holly A. Zeman | |
| *Plaintiff* | |
| v. | Adv. No. 09-5079-C |
| SunTrust Mortgage, Inc. | |
| *Defendant* | |

**Findings of Fact and Conclusions of Law**

Came on for trial on October 20, 2010 the foregoing matter. Both parties appeared through counsel. The court entered judgment in favor of defendant. The following constitute the court's findings of fact and conclusions of law. Any finding of fact may be construed as well as a conclusion of law, and any conclusion of law may also be construed as a finding of fact.

## Findings of Fact

The plaintiff was not present at the trial. The plaintiff was under subpoena to appear at the trial. The plaintiff's counsel offered that plaintiff had only recently been in the hospital and was still recuperating. No evidence was offered in support of this contention. The plaintiff's counsel did not subpoena the plaintiff, and the only evidence for why the plaintiff was not available was presented in the form of unsubstantiated statements of counsel (which are not evidence). Evidence was offered by the defendant. Based thereon, the court finds that the debtor was discharged from the hospital on October 3, 2010. The debtor was served with a subpoena to appear at trial, on October 6, 2010. No competent evidence was presented to establish the plaintiff's current physical or mental condition, or to show in any other way that the plaintiff was unable to appear at trial.

## Conclusions of Law

Rule 804(b)(1) permits the introduction of former testimony, such as deposition testimony. However, for such former testimony to be admissible, the declarant must be "unavailable" as a witness. *See* Fed.R.Evid. 804(b). Unavailability is defined in the Rule 804(a) to include situations in which the declarant is unable to be present or to testify at the hearing because of a "then existing physical or mental illness or infirmity." Fed.R. Evid. 804(a)(4). Or, a witness is unavailable if the witness is absent and the *proponent* of the statement has been unable to procure the declarant's attendance by process or other reasonable means. Fed.R.Evid. 804(a)(5). The proponent bears the burden of establishing the factual grounds for unavailability through competent evidence. *See* RUSSELL, BANKR. EVID. MANUAL, VOL. 2, § 804:2, at 913 (West 2009).

The plaintiff had the burden of proof in this adversary proceeding, which sought to invalidate the lien of the defendant based on an alleged failure to comply with all of the requirements imposed on a home equity lender by section 50(a)(6) of Article XVI of the Texas Constitution. *See Wilson v. Aames Capital Corp.*, 2007 Tex. App. LEXIS 8345, at *4-5 (Tex.App. -- Houston [14th Dist.] Oct. 23, 2007, no writ); *see also* 2 DORSANEO, TEX. REAL ESTATE GUIDE, §§ 53.130[1][b] & 53.131 (2001) (invalidity of lien based on non-compliance with constitutional requirements, in an action by the lender to foreclose the home equity lien, is an affirmative defense). The plaintiff as a matter of law failed to meet that burden because she could offer no admissible evidence in support of her case.

Because the matter came to trial on its merits, and because the plaintiff was not able to adduce any evidence in support of her case, defendant was entitled to judgment as a matter of law (and not merely dismissal, as plaintiff has argued). This is so because the ruling results not from a failure to state a claim as a matter of law, but rather from a failure of proof on the part of the party bearing the burden of proof, at a duly called trial on the merits. *See* FED.R.CIV.P. 54.

## Conclusion

For the foregoing reasons, judgment in favor of defendant is appropriate. Such judgment has already been entered in this case. These findings and conclusions are entered in support thereof.

# # #